Michael ZIEPER, Mark Wieger, Becamation Plaintiffs–Appellees,

v.

Joseph METZINGER, individually and in his official capacity as a Special Agent for the Federal Bureau of Investigation, Lisa Korologos, individu-

ally and in her official capacity as Assistant United States Attorney for the Southern District of New York, Defendants–Appellants,

John ASHCROFT, in his official capacity as Attorney General of the United States, Robert S. Mueller, III, in his official capacity as Director of the Federal Bureau of Investigation, James B. Comey, in his official capacity as United States Attorney for the Southern District of New York, Defendants.

No. 02–6181.

United States Court of Appeals, Second Circuit.

April 2, 2003.

Daniel S. Alter, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellants.

John C. Salyer, American Civil Liberties Union of New Jersey, Newark, NJ, for Appellees.

PRESENT: FEINBERG, VAN GRAAFEILAND, and Honorable F.I. PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO

THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED in part and in the remaining part the decision of said district court be and it hereby is AFFIRMED.

Defendants-appellants Joseph Metzinger, Special Agent of the Federal Bureau of Investigation, and Lisa Korologos, Assistant United States Attorney for the Southern District of New York, appeal from the district court's June 26, 2002 order denying the defendants' motion to dismiss the complaint of plaintiffs-appellees Michael Zieper, Mark Wieger, and BECamation, Wieger's web-hosting company, as barred by the doctrine of qualified immunity. The complaint alleges that the plaintiffs' First and Fifth Amendment rights were violated by the defendants' efforts to suppress a video film which depicted a planned military takeover of New York City's Times Square during the millennial New Year's Eve celebration. The district court denied the defendants' motion to dismiss because it concluded that discovery was necessary in order to resolve factual issues related to the defendants' qualified immunity defense.

On appeal, the defendants contend that they are entitled to qualified immunity, and thus that the district court erred by denying the motion to dismiss. "Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his [or her] conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his [or her] conduct did not violate plaintiff's rights." *Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir.2003).

The first question this Court must address is whether we have jurisdiction to hear this appeal. "Ordinarily, a denial of a motion to dismiss is not immediately appealable because such a decision is not a final judgment." *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65–66 (2d Cir.1999) There is an exception to this rule, which provides that the denial of a motion to dismiss on qualified immunity grounds is immediately appealable "if the district court has rejected that defense as a matter of law." *Tolbert v. Queens College*, 164 F.3d 132, 138–39 (2d Cir.1999). In *X–Men*, this Court explained the different impact of legal and factual issues, at the motion to dismiss stage, as follows:

> Where the district court bases its refusal to grant a qualified-immunity motion on the premise that the court is unable to, or prefers not to, determine the motion without discovery into the alleged facts, that refusal constitutes at least an implicit decision that *the complaint alleges a constitutional claim* on which relief can be granted. That purely legal decision does not turn on whether the plaintiff can in fact elicit any evidence to support his allegations; it thus possesses the requisite finality for immediate appealability under the collateral order doctrine.

196 F.3d at 66 (emphasis added).

To the extent that the appeal challenges the district court's decision that

the complaint alleges a constitutional claim, we do have jurisdiction. We conclude that the complaint does allege a constitutional claim because, as the Supreme Court explained in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963), the First Amendment prohibits government officials from using "informal sanctions—the threat of invoking legal sanctions and other means of coercion, persuasion, and intimidation—... to achieve the suppression" of protected speech. *See also Rattner v. Netburn*, 930 F.2d 204, 208 (2d Cir.1991) ("Where comments of a government official can reasonably be interpreted as intimating that some form of punishment or adverse regulatory action will follow the failure to accede to the official's request, a valid claim [for violation of First Amendment rights] can be stated.").

■ To the extent that the appeal challenges the district court's conclusion that discovery is necessary in order to resolve factual issues related to the defendants' qualified immunity defense, we have no jurisdiction to consider the appeal. *See Tolbert*, 164 F.3d at 138–39 ("Where, however, the district court had denied [the motion] because resolution of the immunity defense requires the adjudication of issues of fact that are inseparable from the merits, the denial is not immediately appealable.").

We reach the same conclusions with respect to the plaintiffs' due process claims.

For these reasons, the appeal is DISMISSED in part and the order of the district court is otherwise hereby AFFIRMED.